FILED
JUN 2 4 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Marvin Green, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 15-0532 (UNA) |
| ) | |
| United States *et al.*, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

This action is before the Court on its initial review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

Plaintiff, a Tennessee state prisoner incarcerated in Henning, Tennessee, sues, *inter alia*, the Clerk of the United States Supreme Court, Case Analyst Clayton Higgins, and the Tennessee Attorney General. *See* Compl. Caption. Plaintiff alleges that the Supreme Court Clerk removed documents from his petition for a writ of certiorari. *See* Compl. at 4-6. Plaintiff seeks, among other relief, a stay of the certiorari proceeding pending the replacement of the alleged missing "evidence" and monetary damages. *See id.* at 8. An attachment to the complaint shows that the Supreme Court Clerk filed plaintiff's petition on January 26, 2015, and placed it on the docket on February 6, 2015. Compl. Ex. A. The Supreme Court summarily denied the petition on March

30, 2015. *Green v. Lester*, 135 S. Ct. 1716, *reh'g denied*, No. 14-8347, 2015 WL 2456684 (2015).

This Court lacks jurisdiction to review the decisions of the United States Supreme Court, including those of its Clerk of Court. *In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992); *see Panko v. Rodak*, 606 F.2d 168, 171 n.6 (7th Cir. 1979), *cert. denied*, 444 U.S. 1081 (1980) ("It seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action."). In addition, the Supreme Court Clerk and his staff enjoy absolute immunity from a lawsuit for money damages based on actions, such as those alleged here, that fall within the scope of their official duties. *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993).

As for the Tennessee defendants, plaintiff states only that he "will be suing municipality, Tennessee Attorney General; and Rachel Willis and Lacy Wilber," apparently for filing a Waiver, which stated the state of Tennessee's intention not to respond to plaintiff's petition for a writ of certiorari unless requested by the Supreme Court. Compl. at 7 (citing Ex. B) (Waiver form). The Eleventh Amendment to the U.S. Constitution immunizes a state from suit in federal court, unless immunity is waived.[1] This amendment applies to suits brought by citizens against their own states. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)) (other citations omitted). Even if plaintiff is now suing the state of Tennessee, the cryptic allegation contains no suggestion of a waiver of immunity. Furthermore, the State did nothing wrong since the Supreme Court permits an "express waiver of the right to

---

[1] The amendment provides in pertinent part: "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI.

file a motion to dismiss or to affirm[.]" Supreme Court Rule 18. Hence, this case will be dismissed with prejudice. A separate Order accompanies this Memorandum Opinion.

Date: June 22, 2015

/s/ Colleen Kollar-Kotelly
United States District Judge